IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22031-JEM/Becerra

MANUEL SOSA, JR.,

    Plaintiff,

v.

MIAMI DADE COUNTY, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS OFFICERS' MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY AND FOR SANCTIONS[1]

**THIS CAUSE** came before the Court on Defendants Officers' Motion to Compel Plaintiff to Respond to Discovery and for Sanctions. ECF No. [29]. Defendants Officer Carlos Baldor, Officer Joseph Loor, and Officer Hueta Darrian (collectively, the "Defendants") contend that Plaintiff has repeatedly failed to comply with this Court's Orders and has also failed to participate in discovery in that he has failed to provide responses to any of the discovery that has been served. *Id.* at 1, 3–4. As such, Defendants seek sanctions, including dismissal with prejudice. *Id.* at 5. On May 17, 2022, the undersigned entered an Order to Show Cause, requiring Plaintiff to show cause why the case should not be dismissed with prejudice (the "Show Cause Order"). ECF No. [31]. The Court specifically required that Plaintiff file a response by June 6, 2022, and appear before the Court for a hearing on the Show Cause Order on June 14, 2022. *Id.* Plaintiff failed to file any response and failed to show at the hearing. For the reasons noted below, the undersigned

---

[1] The Honorable Jose. E. Martinez referred this matter to the undersigned. ECF No. [30].

**RECOMMENDS** that the matter be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute the matter.

On or about August 5, 2018, Plaintiff was arrested for possession of narcotics and resisting an officer with violence. ECF No. [29] at 1. Plaintiff was sentenced to imprisonment for a term of 364 days. *Id.* On or about May 15, 2020, Plaintiff filed the instant lawsuit *pro se* asserting violations of his civil rights including claims under 42 U.S.C. Section 1983 in connection with his arrest. ECF No. [1].

On January 8, 2021, this Court issued an Order dismissing certain claims but allowing Plaintiff's Section 1983 excessive force and state law claims against Defendants to proceed. ECF No. [9] at 6. On or about May 18, 2021, Defendants were personally served. ECF Nos. [17]–[19]. Since the service to Defendants over a year ago, Plaintiff's only activity on the docket is filing photos "for motion to show cause" on February 16, 2022. ECF No. [27].

On June 8, 2021, Defendants electronically filed their Answer and Affirmative Defenses to Plaintiff's Complaint, and served their Answer and Affirmative Defenses to the *pro se* Plaintiff by mail at the following address that, at the time, was the last known address listed on the Court's Docket and on the Summons issued to Defendant: "180154519, Miami-Dade County-PDC, Pretrial Detention Center, Inmate Mail/Parcels, 1321 NW 13th Street, Miami, FL 33125, PRO SE." *See* ECF No. [21]. Defendants have represented to the Court that on or about July 3, 2021, Defendant's Answer and Affirmative Defenses was returned as undeliverable with two written notations reading: "Released" and "MLNA". ECF No. [29] at 2. An additional printed label read: "Return To Sender, Unable To Forward, Unable To Forward, Return To Sender." *Id.*

Defendants also mailed Plaintiff their Answer and Affirmative Defenses to the address listed on the Incident Report that was submitted at the time of his arrest and this was also returned

2

as undeliverable. *Id.* at 2–3. On August 13, 2021, Defendants filed a Motion for Order to Show Cause and for Sanctions for Plaintiff's Failure to Notify the Court of Address Change and Failure to Maintain a Valid Address. ECF No. [22]. On December 14, 2021, this Court granted Defendants' motion in part, ordering Plaintiff to file a Notice of Change of Address with the Court providing his current address, on or before January 13, 2022. ECF No. [24].

The matter is now set for trial on the two-week period beginning Monday, December 19, 2022, at 9:30 a.m. ECF No. [23]. On February 16, 2022, Plaintiff's filing of the photos "for motion to show cause" also revealed a change of address, indicating that his current address was 182 W 8th Street, Apt. 2, Hialeah, Florida 33010. ECF No. [27]. On February 24, 2022, Defendant Officers' counsel attempted to serve Plaintiff with Defendant Officers' First Request for Production to Plaintiff and First Set of Interrogatories to Plaintiff, via United States Mail, addressed to Plaintiff at the updated address that Plaintiff provided to the Court on February 16, 2022. ECF No. [28] at 2. Defendants have represented to the Court that on March 17, 2022, the United States Postal Service returned the discovery to the offices of Defendant Officers' counsel, with a label stating, in pertinent part, "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." *Id.*

Without question, a "district court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Coleman v. St. Lucie Cnty. Jail*, 433 Fed. App'x. 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b)). Moreover, "dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner." *Perkins v. United States*, No. 2:14-CR-11, 2018 WL 1352171, at *2 (S.D. Ga. Mar. 15, 2018), *report and recommendation adopted*, No. 2:14-CR-11, 2018 WL 2185531 (S.D. Ga. May 11, 2018). Although Plaintiff provided an address in February,

it no longer appears to be valid and as such, Plaintiff is neither receiving any of the Court's notices or Defendants' discovery. Given Plaintiff's failure to advise the Court of his current mailing address and given the fact that Plaintiff is not engaging in any kind of discovery, either by propounding discovery or responding to discovery, the undersigned **RECOMMENDS** that the matter be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute the matter. Because it appears that Plaintiff is not receiving any notices, the undersigned recommends that the dismissal be without prejudice. *See Coleman*, 433 Fed. App'x. at 718–19 (affirming dismissal for failure to prosecute where court ordered plaintiff to provide a current address for defendant and plaintiff "failed to respond in any way to the district court's order").

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND ORDERED** in Chambers at Miami, Florida on June 14, 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE